**Appeal Dismissed and Memorandum Opinion filed July 10, 2018.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00524-CR

**LEONARD WATKINS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Cause No. 780878**

## M E M O R A N D U M   O P I N I O N

Appellant was indicted for possession of more than four but less than 200 grams of cocaine. On June 16, 1998, he pleaded guilty; the trial court deferred adjudication and placed him on five years' community supervision. On the State's motion, the trial court adjudicated appellant's guilt and sentenced him to five years' imprisonment. Appellant appealed from the order adjudicating guilt. Lacking jurisdiction to consider an appeal from a decision to adjudicate guilt, this court

dismissed the appeal. *See Watkins v. State*, No. 14-98-01125-CR, 2001 WL 276701 (Tex. App.—Houston [14th Dist.] Mar. 22, 2001, no pet.) (not designated for publication) ("*Watkins I*").

Appellant filed two more notices of appeal from the order on May 26, 2016, and October 23, 2017. We dismissed each appeal for lack of jurisdiction. *See Watkins v. State*, No. 14-16-00488-CR, 2016 WL 4036095 (Tex. App.—Houston [14th Dist.] July 26, 2016, no pet.) (mem. op.) (not designated for publication) ("*Watkins II*"); *Watkins v. State*, No. 14-17-00857-CR, 2017 WL 5472622 (Tex. App.—Houston [14th Dist.] Nov. 14, 2017, no pet.) (mem. op.) (not designated for publication) ("*Watkins III*").

Appellant has now filed a fourth notice of appeal. As in appellant's first three appeals, we lack jurisdiction over this fourth appeal. First, at the time appellant was adjudicated guilty, no appeal could be taken from the adjudication. *See Watkins I,* 2001 WL 276701, at *1 (citing Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2000)). In 2007, the Texas Legislature amended section 5(b) of article 42.12 to allow an appeal from an adjudication of guilt. *See* Act of June 15, 2007, 80th Leg., R.S., ch. 1308, § 5, 2007 Tex. Gen. Laws 4395, 4397. However, the 2007 amendment applies only to adjudication hearings conducted after June 15, 2007. *See id.* § 53, 2007 Tex. Gen. Laws. at 4413.

Second, even if appellant were permitted to appeal from the adjudication of guilt, his fourth notice of appeal was not timely. The notice of appeal was required to be filed within 30 days after the order was signed. *See* Tex. R. App. P. 26.2(a)(1). Appellant filed his fourth notice of appeal 20 years after the order was signed.

Accordingly, we **DISMISS** this appeal.


PER CURIAM

Panel consists Justices Jamison, Wise, and Jewell.

Do Not Publish — Tex. R. App. P. 47.2(b).